HERSCHER COMMUNITY UNIT SCHOOL DISTRICT NO. 2, Plaintiff, *v.*
KANKAKEE SCHOOL DISTRICT NO. 111, Defendant-Appellee.—
(BOURBONNAIS SCHOOL DISTRICT NO. 53, Defendant-Appellant.)

Third District    No. 80-552

Opinion filed June 10, 1981.

Jack R. Beaupre, of Bourbonnais, for appellant.

Edwin E. Mortel, of Kankakee, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This is a dispute between three school districts. At issue is the legal residency of a handicapped child, Andrew Robertson. Andrew's father, a sole surviving parent, resides in Bourbonnais. Andrew stays with his adult sister in Kankakee, a separate school district. Both the Bourbonnais and the Kankakee school districts lack the special education services for handicapped children that are available in the Herscher School District. Accordingly, Andrew attends the Herscher school where he receives such special education services. Herscher district brought suit against Kankakee district claiming reimbursement for educational services furnished to

Andrew. Kankakee district added Bourbonnais district as a third-party defendant. The trial court found that the child's legal residence was that of his father. The effect of the ruling is that the Bourbonnais School District must reimburse the Herscher district and that the Kankakee district has no such liability. Bourbonnais School District appeals.

The School Code provides that if a handicapped child receives special education services from a school district other than the one wherein he resides, the child's residential school district must reimburse the school district providing special education to the child (Ill. Rev. Stat. 1975, ch. 122, par. 14—7.01).

The record discloses that from at least 1967 to February 1976, Charles Robertson resided with his wife and four children in Kankakee, Illinois. Charles is Andrew's father. In 1974 Mrs. Robertson died. In February 1976, Mr. Robertson was laid off from his job. His second eldest daughter, Patricia Modert, a resident in the Kankakee School District, took Andrew into her home. This was required because Mr. Robertson found work in Decatur, Illinois. While working in that city, Mr. Robertson returned to Kankakee on weekends to visit his son. He also telephoned during the week. In February 1977, he remarried. Mr. Robertson, his new wife, and their two step-children then purchased a home in the Bourbonnais School District where they reside. For the most part, Andrew has continued to live with Mrs. Modert and her family. Andrew is supported by his father, who also visits him every week. Mr. Robertson claims Andrew as a dependent for Federal income tax purposes. He retains legal custody over Andrew. When Andrew moved to his sister's home, Mr. Robertson had no intention of relinquishing parental custody or control of the child. He still does not.

■■ Most significantly, the law recognizes that a child is presumptively a resident of the school district wherein his parent(s) reside. (*Turner v. Board of Education* (1973), 54 Ill. 2d 68, 72.) Such presumption may be rebutted if the school district challenging it can adduce compelling evidence to the contrary. The presumption is, necessarily, a strong one. If it were not, incessant and frivolous litigation over the issue would result.

■■ The defendant maintains that since Andrew is living with his sister in the Kankakee School District, that such home is Andrew's legal residence for school purposes. While the presumption that the child's residence is that of the parent(s) is not insurmountable, it is not overcome merely by showing that the child stays someplace else. If we were to follow defendant's line of argument, we would merely be replacing one presumption with another: that the residence of the child is where he stays. The presumption that the child's residency is that of the parent would be thus superseded with a new and different presumption. Such is not the law. The child's physical residence, albeit a factor to be considered, is not the

ultimate standard for determining his residence for school purposes and is insufficient, standing alone, to rebut the strong presumption in favor of the residency being that of the parent.

■■ The resolution of the conflict in this case is primarily a factual one. A reviewing court will not disturb a finding of fact by the trial court unless that finding is contrary to the manifest weight of the evidence. The trial court was called upon to resolve the question of the legal residency of the child for school purposes. The trial court had to first consider the presumption that the residency of the child was that of the parent(s). Insufficient evidence was adduced to overcome that presumption. The evidence, rather, was supportive of the presumption.

Accordingly, the judgment of the circuit court is affirmed.

SCOTT, P. J., and BARRY, J., concur.